No. 25-13414

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FRAZETTA PROPERTIES, LLC,

   Plaintiff–Appellee,

v.

VANGUARD PRODUCTIONS, LLC and

JESSE DAVID SPURLOCK,

   Defendants–Appellants.

Appeal from the United States District Court
for the Middle District of Florida
Case No. 8:22-cv-00581-WFJ-AEP

---

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OUT OF TIME**

Appellee, by and through undersigned counsel, respectfully moves for leave

to file its Brief out of time and states:

1. Appellee's Brief was due on February 17, 2026.

2. The Brief was filed electronically on February 27, 2026, ten (10) days after

   the deadline a copy is attached as Exhibit A.

3. The delay resulted from an unexpected and significant flare-up of Crohn's

   disease, a chronic inflammatory condition from which undersigned counsel

suffers. The flare-up required medical attention and temporarily impaired

counsel's ability to complete legal work during the relevant period.

4. The delay was unintentional, outside counsel's reasonable control, and was

not made in bad faith. A sworn affidavit describing these circumstances is

attached as Exhibit B.

5. Appellee conferred with counsel for Appellants, who does not oppose this

motion.

6. The limited delay will not prejudice Appellants.

WHEREFORE, Appellee respectfully requests that the Court accept

Appellee's Brief as timely filed.

/s/ Jack W. Merritt
Jack William Merritt
Florida Bar No. 0052248
Merritt Law, P.A.
690 S. Tamiami Trail
Osprey, Florida 34229
941-445-4841 and office@merrittlaw.net
Counsel for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I electronically filed the foregoing Unopposed Motion for Leave to File Brief Out of Time and accompanying Exhibit A with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system.

I further certify that all counsel of record are registered CM/ECF users and will be served electronically via the CM/ECF system.

/s/ Jack W. Merritt
Jack William Merritt

EXHIBIT A

No. 25-13414

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

FRAZETTA PROPERTIES, LLC,
*Plaintiff-Appellee,*
v.
VANGUARD PRODUCTIONS, LLC and JESSE DAVID SPURLOCK,
*Defendants-Appellants*.

Appeal from the United States District Court
for the Middle District of Florida

No. 8:22-cv-00581-WFJ-AEP

---

Brief of Appellee

---

MERRITT LAW PA
/s/ *Jack W. Merritt*
Jack W. Merritt
FLORIDA BAR NUMBER:  0052248
690 S. Tamiami Trail
Osprey, Florida 34229
Tel.: 941.445.4841
Email: office@merrittlaw.net

Attorneys for Appellee Frazetta Properties, LLC

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellee Frazetta Properties, LLC certifies that it has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

Pursuant to Eleventh Circuit Rule 26.1-2(a), Appellee certifies that the following persons and entities have an interest in the outcome of this action:

Frazetta, Alphonso Frank, Jr., Mem., Frazetta Properties, LLC

Frazetta, Heidi L., Mem., Frazetta Properties, LLC

Frazetta, Holly J., Mem., Frazetta Properties, LLC

Frazetta, William R., Mem., Frazetta Properties, LLC

Jung, William F., U.S. District Judge, Middle District of Florida

Merritt, Jack W., Merritt Law PA,  Attorney for Appellee Frazetta Properties, LLC

Porcelli, Anthony E., Magistrate Judge, Middle District of Florida

Spurlock, Jesse David, Appellant

Weber, Joe, Frazetta Properties, LLC

Williams, Leigh M., Attorney for Appellee

Limited Liability Companies

Frazetta Properties, LLC, Appellee

Vanguard Productions, LLC, Appellant

2

Dated: February 27, 2026

Respectfully submitted,

MERRITT LAW PA

By: /s/ Jack W. Merritt
      Jack W. Merritt
      Florida Bar No. 0052248
      690 S. Tamiami Trail
      Osprey FL 34229
      Tel. 941.445.4841
      Email: Office@merrittlaw.net

## STATEMENT REGARDING ORAL ARGUMENT

Appellee respectfully requests oral argument. This appeal turns on the proper application of *Warhol*'s clarified fair-use framework—particularly the controlling significance of the fourth factor and cognizable market harm where the accused use occupies the same commercial licensing market as the original. See *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 527-28 (2023) . Because the disposition requires careful application of *Warhol*'s market-substitution analysis to an undisputed summary-judgment record, oral argument will materially assist the Court in addressing the legal boundaries of transformation and derivative market interference under controlling Supreme Court authority.

TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.................................................4

STATEMENT OF JURISDICTION ...................................................................7

STATEMENT OF THE ISSUES ........................................................................8

STATEMENT OF THE CASE............................................................................9

    A.  Nature of the Case .................................................................................9

    B.  The Parties .............................................................................................9

    C.  Course of Proceedings and Disposition Below ..................................9

    D.  Statement of Facts..............................................................................11

SUMMARY OF THE ARGUMENT ................................................................11

ARGUMENT ...................................................................................................13

    I.  Standard of Review..............................................................................13

    II.  Appellants Failed to Produce Admissible Evidence Creating a Genuine
Dispute as to Authorization ......................................................................14

    III.  Fair Use Fails as a Matter of Law Under Warhol ......................................16

CONCLUSION .................................................................................................17

CERTIFICATE OF COMPLIANCE ................................................................18

CERTIFICATE OF SERVICE ..........................................................................18

TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ....................................13

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023)....4

*Cambridge Univ. Press v. Patton,* 769 F.3d 1232, 1268–69 (11th Cir. 2014) ..........8

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986) ..........................................13

*Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012) .....................15

*Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)........................15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) ......13

**Statutes**

17 U.S.C. § 101...........................................................................................................7

17 U.S.C. § 501............................................................................................................9

28 U.S.C. § 1291 .........................................................................................................7

28 U.S.C. §§ 1331 and 1338(a)....................................................................................7

**Rules**

Fed. R. App. P. 4(a)(1)(A) ...........................................................................................7

Fed. R. Civ. P. 56(a) ..................................................................................................13

Federal Rule of Appellate Procedure 32(a)(5) ..........................................................18

Federal Rule of Appellate Procedure 32(a)(7)(B).....................................................18

Rule 56 .......................................................................................................................11

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq. The district court entered final judgment in favor of Appellee on September 3, 2025, disposing of all claims.  (Dkt. 290). The judgment disposed of all parties and claims and is final within the meaning of 28 U.S.C. §1291.

Appellants filed a timely notice of appeal on September 26, 2025, (Dkt. 291). See Fed. R. App. P. 4(a)(1)(A).

This Court has appellate jurisdiction under 28 U.S.C. § 1291.

STATEMENT OF THE ISSUES

Whether the district court correctly granted and reinstated summary judgment where Appellants failed to produce admissible evidence creating a genuine dispute of material fact, and where Appellants admitted that the purported "license" document relied upon to oppose summary judgment contained non-authentic, cut-and-paste signatures.

Whether, under *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith,* 598 U.S. 508 (2023), Appellants' commercial exploitation of the copyrighted works—occupying the same licensing market as the original—precludes a finding of fair use as a matter of law.  See also *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1268–69 (11th Cir. 2014) (recognizing central importance of market harm in fair-use analysis).

STATEMENT OF THE CASE

A. Nature of the Case

This is a copyright infringement action arising from Appellants' unauthorized reproduction and commercial exploitation of Appellee's protected artwork in books and related publications. Appellants asserted, among other defenses, that their use was licensed and that it constituted fair use.

The district court rejected those defenses and entered summary judgment in favor of Appellee.

B. The Parties

Appellee Frazetta Properties, LLC owns the copyrights in the artwork at issue and licenses those works for commercial reproduction.

Appellant Vanguard Productions, LLC is a publishing company engaged in the production and sale of art books and related publications.

Appellant Jesse David Spurlock is associated with Vanguard Productions and participated in the publication and distribution of the works at issue.

C. Course of Proceedings and Disposition Below

Appellee filed this action on March 13, 2022, alleging infringement under 17 U.S.C. § 501. (Dkt. 1, p.7). Following discovery, Appellee moved for summary judgment. (R.).

In opposing summary judgment, Appellants initially failed to produce competent evidence establishing the existence of a license. The district court granted summary judgment. (Dkt. 128).

Afterward, Appellants submit a renewed Motion for Reconsideration (Dkt. 176) citing a document attached to Appellant's Spurlock Affidavit. (Dkt. 95-4)

Appellants submitted a document they claimed evidenced authorization. (Dkt. 176). The district court vacated its order granting summary judgment to examine that submission. (Dkt. 184). Appellee then retained a forensic document examiner, who concluded that the signatures on the document were cut-and-paste reproductions from another source. (Dkt. 219).

The district court judge ordered Appellant Spurlock and his counsel to respond by affidavit. (Dkt. 230 and Dkt. 231). They withdrew the document they had based their Motion to reconsider on. (Dkt. 95-4 and Dkt. 242). Appellant and counsel admitted that the signatures were not original signatures and had been reproduced from another document. (Dkt. 241-1, at p.4-5 and Dkt. 241-2, at 8-10)

Upon review of the undisputed record, the district court reinstated its Order Granting Summary Judgment in favor of Appellee. (Dkt. 289 and Dkt. 290).. Final judgment was entered on September 3, 2025. (Dkt. 290).

D. Statement of Facts

Appellee owns valid copyrights in the works at issue. (Dkt. 172). The works are licensed in the same commercial marketplace for authorized reproduction in books and related derivative publications. (Dkt. 94)

Appellants reproduced and distributed the works in commercially marketed publications without a written license authorizing such use. (Dkt. 94).

The district court concluded that Appellants' asserted defenses failed and reinstated summary judgment.

Because Appellants failed to produce admissible evidence creating a triable issue, summary judgment was properly entered.

## SUMMARY OF THE ARGUMENT

This appeal presents a narrow legal question governed by Rule 56 and controlling Supreme Court precedent. Under de novo review, this Court applies the same summary-judgment standard as the district court and asks only whether, on the undisputed Rule 56 record, Appellants produced admissible evidence sufficient to create a genuine dispute of material fact as to authorization or fair use. They did not.

The asserted license defense failed as a matter of evidentiary law. After the district court initially granted summary judgment, Appellants relied on a document they claimed authorized their reproduction of the copyrighted works. The record established—and Appellants admitted—that the signatures on that document were

11

not original signatures but reproduced from another source. Once that admission entered the Rule 56 record, no genuine dispute remained as to authorization. Summary judgment cannot be avoided through unauthenticated or non-genuine evidence, and de novo review does not permit the reconstruction of a defense that lacked admissible support below. On this record, authorization fails as a matter of law.

The fair-use defense independently fails under. *Warhol,* which clarifies that transformative does not override commercial substitution within the same licensing market. Where an accused use shares substantially the same commercial purpose as the original and occupies the derivative market the copyright holder is entitled to license, the fourth factor—market effect—carries decisive weight. Here, Appellants reproduced Appellee's artwork in a commercially marketed art book of the very type Appellee licenses. The use is commercial, non-parodic, and market-substitutive. On undisputed facts, fair use may be resolved as a matter of law, and Appellants' position fails. See *Cambridge Univ. Press v. Patton,* 769 F.3d 1232, 1268–69 (11th Cir. 2014). (fair use may be resolved on summary judgment where material facts are undisputed).

This case does not require reweighing evidence or balancing abstract policy considerations. It requires application of Rule 56 to a record in which the license

defense collapsed under evidentiary scrutiny and application of Warhol to a use that operates in the same commercial licensing market as the original.

Because the record establishes infringement and defeats both asserted defenses, the district court correctly entered and reinstated summary judgment. At minimum, the judgment may be affirmed on any ground supported by the record.

The judgment should be affirmed.

## ARGUMENT

### I.  Standard of Review

This Court reviews the grant of summary judgment **de novo**, applying the same Rule 56 standard as the district court. *See* Fed. R. Civ. P. 56(a). Summary judgment must be affirmed where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

De novo review, however, does not permit reweighing evidence, reconsidering credibility determinations, or considering materials outside the Rule 56 record. The inquiry is confined to whether the nonmovant produced admissible evidence sufficient to create a genuine dispute of material fact. Conclusory

allegations, unauthenticated documents, or evidence that would be inadmissible at trial cannot defeat summary judgment.

Where, as here, the nonmovant admits the non-authentic nature of the document on which its defense depends, no triable factual dispute exists. An appellate court does not revisit credibility questions or reconstruct factual theories abandoned or admitted below; it determines only whether a legally sufficient evidentiary showing was made.

Fair use presents a mixed question of law and fact. But where the material facts are undisputed—as in the commercial nature of the use, the identity of the licensing market, and the absence of an authentic license—fair use may be resolved as a matter of law. *See Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023).

Accordingly, the scope of this appeal is limited to whether, on the undisputed summary-judgment record, Appellants carried their burden to produce admissible evidence creating a genuine dispute as to (1) authorization or license and (2) fair use under controlling Supreme Court precedent. They did not.

II.    Appellants Failed to Produce Admissible Evidence Creating a Genuine Dispute as to Authorization

This appeal turns first on a straightforward Rule 56 question: whether Appellants produced admissible evidence sufficient to create a genuine dispute of material fact as to authorization. They did not.

To defeat summary judgment, a nonmovant must present competent evidence that would be admissible at trial. Fed. R. Civ. P. 56(c). Conclusory assertions or unauthenticated documents cannot create a triable issue. See *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012) (nonmovant must present admissible evidence creating a genuine dispute); *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000); *Celotex*, 477 U.S. at 324 (nonmovant must go beyond pleadings and designate specific facts showing a genuine issue for trial). Where the evidentiary foundation for a defense collapses, summary judgment is required.

Here, Appellants relied on a document they claimed authorized the reproduction of the copyrighted works. After the district court initially granted summary judgment, Appellants presented that document as purported proof of license. The district court vacated its order to examine the submission.

The record then established that the signatures on the document were not original signatures but reproduced from another source. (Dkt. 94). Appellants admitted as much in affidavit form. Once that admission entered the summary-judgment record, no genuine dispute remained as to authorization.

Rule 56 does not permit a party to survive summary judgment based on non-authentic evidence.  See *Leigh,* 212 F.3d at 1217 (unauthenticated documents cannot be considered at summary judgment). Nor does de novo review allow this Court to reconstruct a license theory that lacked admissible evidentiary support. The question

is not whether a jury could speculate about authorization; it is whether Appellants produced competent evidence establishing a genuine factual dispute. They did not.

Because authorization is an essential component of Appellants' defense, the district court correctly reinstated summary judgment.

### III.    Fair Use Fails as a Matter of Law Under Warhol

Even apart from the failure of the license defense, the fair-use defense independently fails under controlling Supreme Court authority.

In *Warhol*, the Supreme Court clarified that transformative does not override commercial substitution within the same licensing market. Where the accused use shares substantially the same commercial purpose as the original and occupies the market the copyright owner is entitled to license, the fourth factor—market effect—carries decisive weight.  See also *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1268–69 (11th Cir. 2014)  (recognizing central importance of market harm in fair-use analysis).

Reproducing copyrighted artwork in a commercially marketed art book—even when described as a "historical artifact"—does not alter the commercial purpose of the use or eliminate overlap with the derivative licensing market that the copyright holder is entitled to exploit under 17 U.S.C. § 106.

The material facts here are undisputed. Appellants reproduced Appellee's copyrighted artwork in a commercially marketed art book. Appellee licenses

reproductions of those works in derivative publications of precisely that type. The accused use is commercial and operates within the same licensing market.

Under *Warhol*, market overlap is legally dispositive. A use that competes in the same derivative market the copyright holder is entitled to exploit is not shielded by a generalized claim of being transformative. Because the relevant facts are not disputed, fair use may be resolved as a matter of law. See *Cambridge Univ.* at 1259 (fair use may be resolved on summary judgment where material facts are undisputed).

The district court correctly concluded that Appellants' reproduction of the works was not transformative in any legally cognizable sense and that the fourth factor strongly favored Appellee. On this record, the fair-use defense fails.[1]

The district court correctly entered summary judgment.[2]

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Date: .February 27, 2026                    /s/ Jack W. Merritt
                                             Jack W. Merritt

---

[1] In any event, this Court may affirm on any ground supported by the record. See United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012).

[2] Appellee preserves the right to seek relief under Federal Rule of Appellate Procedure 38 should the Court determine that the appeal is frivolous.

17

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 2,730 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, with footnotes in 12-point Times New Roman font.

Date: .February 27, 2026                    /s/ Jack W. Merritt
                                            Jack W. Merritt

## CERTIFICATE OF SERVICE

I hereby certify that on .February 27, 2026, I electronically filed the foregoing Appellee's Answer Brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will send notice of such filing to all counsel of record, Leigh Williams, appellants' attorney.

Date: .February 27, 2026

MERRITT LAW, P.A.
/s/ Jack W. Merritt
Jack W. Merritt
Florida Bar No. 0052248
690 S. Tamiami Trail
Osprey, Florida 34229
Telephone: (941) 445-4841
Email: office@merrittlaw.net

Attorney for Appellee

18

EXHIBIT B

# AFFIDAVIT OF JACK WILLIAM MERRITT

No. 25-13414

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FRAZETTA PROPERTIES, LLC,

    Plaintiff–Appellee,

v.

VANGUARD PRODUCTIONS, LLC and
JESSE DAVID SPURLOCK,

    Defendants–Appellants.

Appeal from the United States District Court
for the Middle District of Florida
Case No. 8:22-cv-00581-WFJ-AEP

---

I, Jack William Merritt, declare under penalty of perjury as follows:

1. I am counsel for Appellee in the above-captioned appeal.

2. I suffer from Crohn's disease, a chronic inflammatory condition.

3. During the period in which Appellee's Brief was due, I experienced a significant flare-up of this condition that required medical attention and temporarily impaired my ability to complete legal work.

4.  As a result, the Brief was filed electronically on February 27, 2026, ten (10) days after its original due date of February 17, 2026.

5.  The delay was unintentional, outside my reasonable control, and was not made in bad faith.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 3, 2026.

/s/ Jack William Merritt
Jack William Merritt